**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4499**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES E. GOLDSBERRY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cr-00143-CCB-1)

Submitted: April 25, 2019                        Decided: May 1, 2019

Before KING and AGEE, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Kirstin M. Hopkins, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Burden H. Walker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James E. Goldsberry of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), possessing with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1) (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012).  He argues that the district court erroneously denied his motion seeking to suppress evidence discovered during the search of an apartment where he was spending the night and requesting a *Franks*[1] hearing.  He also asserts that the district court abused its discretion by admitting at trial text messages recovered from his cell phone and that the court erroneously denied his Fed. R. Crim. P. 29 motion for judgment of acquittal on the § 924(c) count.  We affirm.

At approximately 4:30 a.m. on September 20, 2016, a Howard County Police Department tactical team executed a search warrant at an apartment in Howard County, Maryland.  They found Goldsberry in the master bedroom.  The officers discovered the following items in the apartment: $893 in cash on the footrail of the bed; a larger clear plastic bag containing smaller baggies of cocaine and heroin on the left bedrail; a loaded handgun on the floor partially underneath the bed; a backpack in the master bedroom's closet containing two unloaded firearms, two extra gun barrels, and two extended magazines of ammunition; 100 baggies of cocaine and 25 baggies of heroin in the master closet; a digital scale, razor blade, and several hundred unused baggies in the kitchen,

---

[1] *Delaware v. Franks*, 438 U.S. 154 (1978).

along with an additional bag of narcotics. The gross weight of the heroin and cocaine in the apartment was approximately 11 grams and 16.5 grams, respectively.

Goldsberry contends that the warrant authorizing the search was not supported by probable cause because the warrant affidavit did not establish a sufficient nexus between the apartment and the narcotics. The district court held that, even if the warrant was defective, the good-faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984), applied.

"The fact that a Fourth Amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted in objectively reasonable reliance on the subsequently invalidated search warrant." *Id.* at 142 (citing *Leon*, 468 U.S. at 922 (internal quotation marks omitted)).

> Typically, an officer's reliance on a [judge]'s decision to issue a warrant will be deemed objectively reasonable. But as *Leon* makes clear, when a supporting affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, then an officer cannot be found to have reasonably relied on the resulting warrant, and suppression remains the appropriate remedy.

*United States v. Thomas*, 908 F.3d 68, 72 (4th Cir. 2018) (citation and internal quotation marks omitted).

We have reviewed the warrant affidavit and agree with the district court that, even if the warrant was not supported by probable cause, the affidavit contained sufficient

indicia of probable cause such that the officer's reliance on the warrant was objectively reasonable.

Goldsberry also contends that the district court should have held a *Franks* hearing because the affiant made knowingly false statements and material omissions in the affidavit. "To establish a *Franks* violation, a defendant must prove that the affiant either intentionally or recklessly made a materially false statement or that the affiant intentionally or recklessly omitted material information from the affidavit." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016). "An omission is material if it is necessary to the neutral and disinterested magistrate's finding of probable cause." *Id.* (brackets and internal quotation marks omitted). We have reviewed the affidavit and the materials upon which Goldsberry relied to attack its veracity and agree with the district court that Goldsberry did not meet his burden under *Franks*. Accordingly, we affirm the denial of the motion to suppress and for a *Franks* hearing.

Goldsberry next contends that text messages that officers recovered from his cell phone that the Government introduced at trial were inadmissible hearsay.[2] "[W]e review evidentiary decisions for an abuse of discretion, but legal conclusions concerning the Rules of Evidence or the Constitution de novo." *United States v. Landersman*, 886 F.3d 393, 413 (4th Cir. 2018) (internal quotation marks omitted). "We apply the harmless error standard to evidentiary rulings . . . ." *Id.* "In order for an evidentiary ruling to be

---

[2] The Government's expert witness testified at trial that several of these texts contained coded language used to facilitate drug trafficking.

4

harmless, we must find that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted).

Hearsay is any statement that the declarant does not make at the instant trial or hearing that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Statement means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). A statement made by a party and offered against that party is not hearsay. Fed. R. Evid. 801(d)(2)(A). Hearsay is inadmissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 802.

We agree with the district court that, even assuming the texts were statements, the Government did not introduce them to prove the truth of the matters asserted therein.[3] Rather, the presence on Goldsberry's cell phone of texts interpreted by the Government's expert to be drug trafficking communications was probative of Goldsberry's possession of cocaine and heroin with intent to distribute regardless of whether any assertions in the texts were true or false. The texts were therefore not hearsay, and the district court did not abuse its discretion by admitting them.

Finally, Goldsberry raises a sufficiency-of-the-evidence challenge to his § 924(c) conviction.

---

[3] Texts sent rather than received by Goldsberry are party statements, and are thus not hearsay under Rule 801(d)(2)(A).

> We review the denial of . . . a Rule 29 motion de novo. In its assessment of a challenge to the sufficiency of evidence, a reviewing court views the evidence in the light most favorable to the prosecution and decides whether substantial evidence—that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt—supports the verdict.

*United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019) (citation and internal quotation marks omitted). To convict Goldsberry under § 924(c), the Government had to prove that he possessed a firearm in furtherance of a drug trafficking crime. *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014). We have explained

> that § 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. Whether the firearm served such a purpose . . . is a factual inquiry. Factors that could lead a fact finder to conclude that a defendant possessed a firearm in furtherance of a drug crime include: the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (citations and internal quotation marks omitted).

In this case, officers found a loaded handgun under the bed where Goldsberry was sleeping, along with cocaine and heroin packaged for distribution and almost $900 in cash on the bed. They also found two unloaded guns and ammunition in a backpack in the nearby master bedroom closet along with more cocaine and heroin, as well as drugs and drug-packaging supplies in the kitchen. While there was no evidence at trial that the firearms were stolen, Goldsberry stipulated that he was a convicted felon, and thus his possession of any firearms and ammunition was illegal. Given these facts, taken in the light most favorable to the Government, the evidence at trial was sufficient to support

Goldsberry's conviction for possessing a firearm in furtherance of a drug trafficking crime.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*